**BRET A. KNEWTSON**
Oregon State Bar ID Number 033553
bknewtson@yahoo.com
Law Office of Bret Knewtson
3000 NW Stucki Pl Ste 230-M
Hillsboro, OR 97124
Telephone (503) 846-1160
Facsimile (503) 922-3181

**KELLY DONOVAN JONES**, OSB No. 074217
Kelly D. Jones, Attorney at Law
819 SE Morrison St., Suite 255
Portland, Oregon 97204
Telephone (503) 847-4329
Facsimile (503) 715-0524
kellydonovanjones@gmail.com

**YOUNG WALGENKIM**, OSB No. 124900
Hanson & Walgenkim LLC
838 Commercial St NE
Salem OR  97301
Telephone (503) 383-1496
Facsimile (503) 766-6477
young@hansonwalgenkim.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON (PORTLAND)

| | |
|---|---|
| TRISHA SPRAYBERRY, on behalf of herself and others similarly situated,<br>　　　　Plaintiffs,<br>　　vs.<br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br>　　　　Defendant. | Case No.: 3:17-cv-0111<br><br>COMPLAINT – CLASS ACTION<br>Violation of 15 U.S.C. § 1692, *et. seq*. (FDCPA)<br>Jury Trial Requested |

## PRELIMINARY STATEMENT

　　1.　　This is a class action for statutory and actual money damages brought by a consumer

pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., which

COMPLAINT - 1

prohibits abusive, deceptive and unfair debt collection practices.

2.  Plaintiff's claims arise from PRA's attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

3.  Congress enacted the FDCPA not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act in 15 U.S.C. § 1692k.

## JURISDICTION

4.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p., 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

5.  Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, and PRA transacts business here.

6.  This Court has subject matter jurisdiction over Plaintiff's claim because Plaintiff has suffered a particularized and concrete injury in fact, traceable to PRA's violations of the law, that can be redressed by a favorable decision from this Court, as alleged more fully herein.

## PLAINTIFF SPRAYBERRY

7.  Plaintiff Trisha Sprayberry is a natural person who resided in Washington County and the State of Oregon at all relevant times and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

## DEFENDANT PRA

8.  Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA") is a limited liability company organized under Delaware law and does business in Oregon. PRA's principal

place of business is located at 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502.

9. PRA is a business whose principal purpose is the collection of defaulted debts that it has bought from other entities and it regularly collects or attempts to collect those debts by using the instrumentality of interstate commerce, such as making interstate phone calls, registering the company with various Secretaries of State as a business and conducting business in those states. For example, PRA has registered with the Oregon Secretary of State and the Oregon Division of Financial Regulation as a collection agency. It also conducts its business by engaging in interstate travel and employing people in multiple states to collect the debts it has purchased.

10. PRA uses the United States Postal Service in its business, the principal purpose of which is the collection of unpaid debts owed by individuals. Plaintiff believes that the debts or alleged debts at issue in this action were incurred primarily for personal, family or household purposes as the debts arose from Target store charge cards issued to consumers.

11. PRA is a debt collector as that term is defined at 15 U.S.C. § 1692a(6).

## **VICARIOUS LIABILITY**

12. Whenever in this petition it is alleged that PRA did any act or thing, it is meant that PRA's members, agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of PRA or was done in the normal and routine course and scope of employment of PRA's members, officers, agents, servants, borrowed servants, employees or representatives.

## **ALLEGATIONS**

13. Plaintiff opened a consumer line of credit at Target and used it to purchase items at Target that were then used by her and her family for personal or household activities.

14. The account was a store charge account that could only be used at Target. The account number was 641282001 ("debt" or "account").

15. Plaintiff was offered a line of credit while in line at a Target store and was approved on the spot with a $200.00 limit. Target serviced the account for the issuer of the credit line, and Plaintiff was able to make payments at Target stores on the account.

16. The principal purpose of the line of credit was to facilitate the sale of merchandise by Target. The account was a contract for the sale of goods and not a loan. The applicable statute of limitations for a contract for sale is four years as provided by ORS 72.7250.

17. Upon information and belief, the card holder agreement does not contain an arbitration clause.

18. Plaintiff defaulted on the account and made a last payment on or about February of 2011.

19. The defaulted account is a consumer debt as that term is defined at 15 USC 1692a(5).

20. PRA sent a demand letter to Plaintiff dated January 27, 2016 ("letter"). Plaintiff received the letter. That letter did not disclose the date of last payment or that the debt was barred by the applicable statute of limitations. It did not disclose to Plaintiff that PRA would not sue her because of the age of the account. The letter offered to accept an amount that was less than the amount claimed due and in return the account would be considered "settled in full." A true copy of the letter is attached as Exhibit 1 (pgs. 1-2) to this complaint.

21. PRA sent a second demand letter to Plaintiff dated April 6, 2016 ("second letter"). Plaintiff received the letter. The second letter did not disclose the date of last payment or that the debt was barred by the applicable statute of limitations. It did not disclose to Plaintiff that PRA would not sue her because of the age of the account. The letter offered to accept an amount that was less than the amount claimed due and in return the account would be considered "settled in full." A true copy of the second letter is attached as Exhibit 1 (pgs. 2-3) to this complaint.

22.    Both of the letters sent by defendant were communications as that term is defined at 15 USC 1692a(2).

23.    Upon information and belief, Plaintiff alleges that collection letters sent to consumers in Oregon by PRA to collect defaulted Target store charge card accounts offering settlement of debts that were time barred, were based on a template, where the only variable information were the amount due, the amount of the settlement offer, account information, and identity of the consumer.

24.    Thus all of these collections letters sent to numerous consumers in Oregon were materially the same as Exhibit 1 that was sent to Plaintiff, and all offered to "settle" the debt for less than the total amount allegedly owed.

25.    PRA's conduct in sending collection letters offering to settle the debts, was an unfair, deceptive, and abusive collection practice because the letters (1) failed to disclose the debt was past the statute of limitations and PRA would not sue to collect the debt, and (2) did not provide sufficient information about the account such as a date of last payment so that Plaintiff could try to determine for herself that the debt was time barred.

26.    The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." *See* https://www.ftc.gov/news-events/press-releases/2012/01/under-ftc-settlement-debt-buyer-agrees-pay-25-million-alleged.

27.    On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry. The report reaffirms the FTC's position in *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express*

*Centurion Bank* (FDIC-12- 315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB- 0003) *and American Express Travel Company, Inc*. (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

https://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf.

28.  Courts have also held that a collection letter containing a "settlement offer" made to consumers in an attempt to collect upon a time-barred debt violates the FDCPA. *See e.g., McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Buchanan v. Northland Group Inc.*, 776 F.3d 393 (6th Cir. 2015); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *Luther v. Convergent Outsourcing, Inc.*, No. 15-10902, 2016 U.S. Dist. LEXIS 56456 (E.D. Mich. Apr. 28, 2016); *Magee v. Portfolio Recovery Assocs., LLC,* No. 12 CV 1624, 2016 U.S. Dist. LEXIS 61389, 2016 WL 2644763 (N.D. Ill. May 9, 2016).

29.  The allegations set forth herein establish that Plaintiff has suffered a concrete and particularized injury in fact that is traceable to PRA's unlawful collection practices. The fact that PRA attempted to collect a time barred debt from her is sufficient without further allegations of additional harm, because through the FDCPA, Congress provided Plaintiff, and other consumers with the right to be free from a debt collector's unlawful collection practices. *See, e.g., Carney v. Goldman, No. 15-260-BRM-DEA, 2016 U.S. Dist. LEXIS 177087, at *15-16 (D.N.J. Dec. 22, 2016)* ("The FDCPA unambiguously grants recipients of debt-collection letters (such as Plaintiffs) a right to be free from abusive collection practices. In other words, the FDCPA 'creates a private duty owed personally to' a consumer to refrain from using false, deceptive, or misleading means or representations in attempting to collect a debt. Because Plaintiffs have a personal statutory right to be free from abusive debt-collection practices, and because Plaintiffs have alleged facts plausibly

COMPLAINT - 6

showing Defendant violated that right, Plaintiffs 'need not allege any additional harm.'" (citations and brackets omitted)).

30.     However, inter alia, PRA's violations of the FDCPA also presented a material risk of harm to Plaintiff, because its abusive, deceptive and unfair collection practices in an attempt to collect upon the time barred debt, created the risk that Plaintiff would pay the debt before other more pressing obligations because she may believe she could be sued if she didn't pay. *See e.g., McRill v. Nationwide Credit, Inc.*, No. 12-2175, 2012 WL 6727974, at *6 (C.D. Ill. Dec. 6, 2012), report and recommendation adopted, No. 12-CV-2175, 2012 WL 6727722 (C.D. Ill. Dec. 28, 2012)("it is no stretch of logic to reason that, if a consumer knew Defendant could not sue her on a time-barred debt, she might choose to pay a more pressing bill than the old credit card debt on which Defendant dunned her.").

31.     Further the use of the term "settlement" and its implication that defendant has the legal right to pursue a lawsuit to collect the debt creates a risk of harm to plaintiff and the least sophisticated consumer as a partial payment revives the limitation period. A consumer may who lacks the means to pay the settlement amount may be intimidated into making a payment that is less than the settlement amount thus reviving the limitation period anew. See, e.g., *Buchanan*, 776 F.3d at 399 ; *Smothers v. Midland Credit Mgmt.*, No. 16-2202-CM, 2016 U.S. Dist. LEXIS 180045, at *7-12 (D. Kan. Dec. 29, 2016).

### FIRST CLAIM FOR RELIEF
### FAIR DEBT COLLECTION PRACTICES ACT
### COUNT ONE

32.     Plaintiff incorporates the preceding paragraphs of this complaint.

33.     PRA's attempt to collect upon a time barred debt by sending Plaintiff the letters in

Exhibit 1, offering to settle the debts, without disclosing that the applicable four year statute of limitations had already run or that she would not be sued for the debt, is a false, deceptive, or misleading representation or means to collect the debt, and a false representation about the legal status of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

## COUNT TWO

34.     PRA's attempt to collect upon a time barred debt by sending Plaintiff the letters in Exhibit 1, offering to settle the debts, without disclosing that the applicable four year statute of limitations had already run or that she would not be sued for the debt is an unfair or unconscionable means to collect, or attempt to collect, upon the debt in violation of 15 U.S.C. §§ 1692f and 1692f(1).

## CLASS ALLEGATIONS

35.     Plaintiff sues for a class, under FRCP 23(a) and (b)(3).

36.     The Class consists of (a) all individuals with Oregon addresses (b) who were sent letters from PRA, (b) offering to settle a non-business Target store charge card debt, (c) for which no payment had been made on the debt in more than four years after default or charge off, (e) and such letter failed to notify the consumer that the alleged debt was time barred or that PRA would not sue to collect the debt, and (f) was sent on or after a date one year prior to the filing of this action.

37.     On information and belief, the class is so numerous that joinder of all members is not practicable.

38.     There are questions of law and fact common to the class, which predominate over any questions relating to individual class members. The predominant questions are (1) whether PRA's attempt to collect time barred debts by sending settlement offer letters that did not disclose that the debts were time barred or that PRA would not sue them if they did not accept the settlement

offers, violates one or several general or enumerated provisions of the FDCPA, and (3) whether Plaintiff and the class have been harmed by PRA's conduct.

39. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

41. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

42. A class action is superior for the fair and efficient adjudication of this matter, because individual actions are not economically feasible, and few class members are likely to even be aware that there rights have been violated. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

## DAMAGES

43. As a result of Defendants' violations of the FDCPA, Plaintiff and all others similarly situated are entitled to (a) actual damages including any amounts paid to PRA as a result of its violations under 15 U.S.C. §1692k(a)(1); (b) statutory damages under 15 U.S.C. § 1692k(a)(2)(B); and (c) costs of the action and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3).

## JURY TRIAL DEMAND

44.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for relief as follows:

A.     That this action may proceed as a class action under Fed. R. Civ. P. 23(b)(3), that Plaintiff be appointed as the representative for the proposed Class, and that Plaintiff's counsel be appointed as counsel for the proposed Class;

B.     That Plaintiff and the proposed Class recover the damages determined to have been sustained by them, including actual damages and statutory damages, and that judgment be entered against Defendants on behalf of Plaintiff and all members of the Class;

C.     That Plaintiffs and the proposed Class recover their costs of this suit, including reasonable attorney's fees, as provided by law; and

D.     That the Court direct all such further relief that it deems just and appropriate.

DATED this 23th day of January, 2017.

                                                           s/ Bret A. Knewtson
                                                           BRET A. KNEWTSON
                                                           OSB NO. 033553
                                                           bknewtson@yahoo.com